IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TONY GARRETT, #R73053,**

    **Plaintiff,**

vs.                                                                            Case No. 18–cv–616–DRH

**K. JAMIET,**
**C. BROWN,**
**WEXFORD HEALTH SOURCES,**
**INC., and JANE DOE,**

    **Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Plaintiff Tony Garrett, an inmate in Dixon Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that allegedly occurred at Pinckneyville Correctional Center. In his First Amended Complaint, Plaintiff claims the defendants were deliberately indifferent to his serious medical issues in violation of the Eighth Amendment. (Doc. 7). This case is now before the Court for a preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A.

    Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C. § 1915A(b). An action fails to state a claim upon which

1

relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At this juncture, the factual allegations of the complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The First Amended Complaint**

In his First Amended Complaint (Doc. 7), Plaintiff makes the following allegations: while he was incarcerated in Pinckneyville, Plaintiff sought medical attention for knee pain after his chronic knee condition was aggravated. (Doc. 7, p. 7). The sick call nurse, Jane Doe, gave Plaintiff ibuprofen for his pain, though he told her that he could not ingest ibuprofen due to a medical procedure. *Id.* Jane Doe told Plaintiff that was all she could give him, so he took it, and it gave him a stomachache. *Id.* He requested medical assistance for his knee pain again, and when he told the sick call nurse that he had problems when he took the ibuprofen, she told him that he would have to submit to sick call again to receive more treatment. *Id.* "Once again same [scenario] with pain and request of sick call, [Plaintiff] was given no relief of complaint." *Id.*

Plaintiff told Warden Jaimet about his situation, and Jaimet told Plaintiff to file a grievance. *Id.* In the grievance attached to the First Amended Complaint, Plaintiff complained that he was experiencing knee pain from a recurring injury and had only received ibuprofen. (Doc. 7, p. 4). Plaintiff also indicated that he was told that he would have to pay for sick call three times before he saw a

2

doctor. *Id.* After Plaintiff filed a grievance, it was denied based on a response from Health Care Administrator C. Brown. (Doc. 7, p. 8). The response noted that conservative treatment is attempted before referral to a doctor, unless an immediate referral is "medically indicated." (Doc. 7, p. 5). It also claimed that referral was not medically indicated at the time of Plaintiff's sick call. *Id.* Jaimet concurred with the denial, and "Springfield" upheld it. (Doc. 7, p. 8). Plaintiff requests monetary damages. (Doc. 7, p. 9).

**Discussion**

Based on the allegations of the First Amended Complaint, the Court finds it convenient to designate a single count in this *pro se* action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

> **Count 1 –** Defendants showed deliberate indifference to Plaintiff's serious medical need involving a knee injury and pain associated therewith, in violation of the Eighth Amendment.

Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

As to Count 1, the Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute

3

cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim, a prisoner must show that: (1) he suffered from an objectively serious medical need; and (2) state officials acted with deliberate indifference to the prisoner's medical need, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The Court has little information with which to determine whether Plaintiff was suffering from a serious medical need. The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). Plaintiff has alleged that he was suffering from knee pain after his knee condition was aggravated, but the First Amended Complaint is devoid of allegations regarding how long the pain lasted, how severe it may have been, or how it may have affected his daily activities.

With respect to the subjective standard: "a prison official must have a 'sufficiently culpable state of mind,'" one that amounts to "'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson*, 501 U.S. at 297). Liability under the deliberate-indifference standard requires more than negligence, gross negligence or even recklessness; rather, it is satisfied only by conduct that

approaches intentional wrongdoing, *i.e.*, "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835.

There is no indication that any of the defendants have met this standard. Jane Doe attempted to provide Plaintiff with pain medication for his pain and told him what he would need to do to see a doctor for further treatment. Brown responded to Plaintiff's grievance by detailing Plaintiff's treatment and suggesting what he would need to do to see a doctor, and Jaimet signed off on the denial of Plaintiff's grievance given this information. With respect to Wexford, a corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). Plaintiff has not sufficiently alleged any such policy.

For the forgoing reasons, Plaintiff has not stated a deliberate indifference claim upon which relief may be granted against any of the defendants. Out of an abundance of caution, Plaintiff's First Amended Complaint will be dismissed without prejudice, and he will be given one more chance to amend his complaint to state a claim.

## Disposition

**IT IS HEREBY ORDERED** that the First Amended Complaint (Doc. 7) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **K. JAIMET**, **C. BROWN**, **WEXFORD HEALTH SOURCES, INC.**, and **JANE DOE** are **DISMISSED** from this action without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file a Second Amended Complaint, stating any facts which may exist to support a cognizable § 1983 claim, within 28 days of the entry of this Order. Should Plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g) because Plaintiff has thus far failed to state a claim upon which relief may be granted in this case.

Should Plaintiff decide to file a Second Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "Second Amended Complaint," and he should use the case number for *this* action (*i.e.* 18-cv-616-DRH). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, the defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of

his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the Second Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. No service shall be ordered on any defendant until after the Court completes its § 1915A review of the Second Amended Complaint.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a Second Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall

be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

Judge Herndon
2018.08.15
15:13:54 -05'00'

**United States District Judge**