# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TONY GARRETT, #R73053, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 18-CV-616 SMY |
| | ) |
| C. BROWN, *Health Care Unit Supervisor*, | ) |
| JANE DOE 1, *Nurse*, | ) |
| JANE DOE 2, *Nurse* and | ) |
| JANE DOE 3, *Nurse*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Tony Garrett, an inmate at Dixon Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that allegedly occurred when he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). Plaintiff claims the defendants failed to provide proper medical treatment for knee pain. (Doc. 12).

This case is now before the Court for preliminary review of the Second Amended Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At this juncture, the factual allegations of

the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **Second Amended Complaint**

Plaintiff makes the following allegations in the Second Amended Complaint: While incarcerated in Pinckneyville, Plaintiff sought medical attention for knee pain after his knee condition was aggravated during work detail. (Doc. 12, p. 10). He had a nurse sick call with Jane Doe 1 who gave him Ibuprofen for his pain. *Id.* Plaintiff informed her that he could not ingest Ibuprofen due to a prior medical procedure. *Id.* Jane Doe 1 told Plaintiff that was all she could give him, so he accepted the medication and ended up with a stomachache. *Id.* When he visited a different nurse for an unrelated medical issue, he complained to her about his knee pain and she would not address the issue. *Id.*

After the two nurse visits, Plaintiff filed a grievance. (Doc. 12, p. 10). In the grievance which is attached to the Second Amended Complaint, Plaintiff complained about the medical care he received from a nurse on November 8, 2016. (Doc. 12, p. 5). He claimed (1) he told the nurse he was experiencing knee pain, swelling, and stiffness; (2) the nurse only prescribed Ibuprofen; and (3) the nurse told him he would have to pay for sick call three times before he saw a doctor. *Id.* The grievance was denied based on a response from Health Care Unit Supervisor C. Brown. (Doc. 12, pp. 5-6). The response noted that a nurse can refer a patient to a doctor on the first sick call visit "if medically indicated" and that conservative treatment is attempted before prescribing stronger medication. (Doc. 12, p. 5). C. Brown concluded, after conferring with the treating nurse, that Plaintiff received pain medication and that an immediate referral was not medically indicated. *Id.* She also advised that Plaintiff should return to sick call if his pain continued. *Id.*

Plaintiff continued to seek medical attention for his knee pain. (Doc. 12, p. 11). During a nurse sick call with Jane Doe 2, he complained of knee pain and she offered him Ibuprofen. *Id.* Plaintiff informed her of the prior experience with Ibuprofen and she told him that was all she could offer him. *Id.* Plaintiff refused the medication. *Id.* Plaintiff had a subsequent sick call with Jane Doe 2 and he alleges "no relief given." (Doc. 12, p. 12).

During a nurse sick call with Jane Doe 3, Plaintiff complained of pain and it was the "same situation same outcome of relief offered." (Doc. 12, p. 11). Plaintiff had a subsequent sick call with Jane Doe 3. *Id.* Again, he complained of pain and she offered Ibuprofen. *Id.* Jane Doe 3 told him she could not give him "anything without a doctor's permission." *Id.* He informed her of "how my pain was affecting my daily activity with walking and standing." *Id.*

Based on the allegations of the Second Amended Complaint, the Court finds it convenient to designate a single Count in this *pro se* action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this Count does not constitute an opinion regarding its merit.

> **Count 1:** Defendants showed deliberate indifference to Plaintiff's serious medical need involving a knee injury and pain associated therewith, in violation of the Eighth Amendment.

Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

## Discussion

To state an Eighth Amendment claim based on deficient medical care, an incarcerated person must demonstrate that he suffers from a sufficiently serious medical condition (*i.e.*, an objective standard) and that each defendant responded to it with deliberate indifference (*i.e.*, a

3

subjective standard). *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011).

An objectively serious condition includes an ailment that significantly affects an individual's daily activities or involves chronic and substantial pain. *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). Whether Plaintiff was suffering from an objectively serious medical condition is not clear. However, given the allegations of pain, swelling, and stiffness, the inference cannot be ruled out at this early stage.

The Second Amended Complaint also sufficiently alleges deliberate indifference as to Jane Doe 1, Jane Doe 2, and Jane Doe 3 to the extent that these individuals failed to address treatable pain, persisted in a course of treatment known to be ineffective, and/or disregarded Plaintiff's complaints about stomach pain associated with taking Ibuprofen. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Gil v. Reed,* 381 F.3d 649, 661–62 (7th Cir. 2004)*; Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

However, the Second Amended Complaint fails to state a claim as to C. Brown. According to the pleadings, C. Brown investigated Plaintiff's complaint about his sick call visit on November 8, 2016, concluded that Plaintiff received appropriate care, and directed Plaintiff to return to sick call if his pain persisted. This sequence of events does not suggest deliberate indifference. *Greeno*, 414 F.3d at 655 (prison official who reviewed complaints and verified with staff that inmate was receiving treatment was not deliberately indifferent).

**Identification of Unknown Defendants**

Scott Thompson, the Acting Warden of Pinckneyville, will be added to the docket (official capacity only) to respond to discovery (informal or formal) aimed at identifying the unknown defendants. *See Rodriguez v. Plymouth Ambulance Serv*., 577 F.3d 816, 832 (7th Cir. 2009).

4

Guidelines for discovery will be established by the United States Magistrate Judge. Once the names of the unknown defendants are discovered, Plaintiff must file a motion to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the Complaint.

### Pending Motion

Plaintiff filed a second motion to proceed *in forma pauperis*. As Plaintiff's first motion to proceed *in forma pauperis* was granted by the Court, the second motion is denied as moot.

### Disposition

The Clerk of the Court is **DIRECTED** to add Scott Thompson, the Acting Warden of Pinckneyville, to the docket (official capacity only) for the purpose of responding to discovery aimed at identifying the unknown Defendants.

**IT IS HEREBY ORDERED** that **COUNT 1** shall receive further review as to Jane Doe 1, Jane Doe 2, and Jane Doe 3. **COUNT 1** is **DISMISSED** without prejudice as to **C. BROWN.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **THOMPSON** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service Defendant, and the Court will require him to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the unknown Defendants until Plaintiff has identified them by name in a properly filed Motion for Substitution of Parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service addresses for these individuals.

**THOMPSON** is **ORDERED** to timely enter his appearance. **THOMPSON**, however, <u>does not need to file an Answer or other responsive pleading</u>. Once **THOMPSON** enters his appearance, the magistrate judge will enter a discovery order setting guidelines for identifying the unknown defendants. **THOMPSON** will be responsible for responding to discovery requests propounded in accord with this discovery order.

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 30, 2019**

                                      **s/ Staci M. Yandle**
                                      **STACI M. YANDLE**
                                      **United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate Defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the Defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the Defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**