UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TONY GARRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:18-cv-616-GCS |
| | ) |
| KAREN JAIMET,[1] | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| BROCK SHIRLEY, | ) |
| KIM FERRARI, and | ) |
| LOTTIE RIDGEWAY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Plaintiff Tony Garrett, an inmate in the custody of the Illinois Department of Corrections, alleges that Defendants were deliberately indifferent to pain caused by a knee injury he suffered while incarcerated at Pinckneyville Correctional Center. On May 4, 2020, Defendant Karen Jaimet moved for summary judgment on the issue of exhaustion of administrative remedies. She attached an affidavit from nonparty Leslie McCarty, Acting Supervisor of the Administrative Review Board ("ARB"), to her motion. In the affidavit, McCarty explains the IDOC grievance procedures and her own search through ARB records for grievances filed by Garrett.

By motion dated May 26, 2020, Garrett asks the Court to allow him to ask 15 to 20 questions of McCarty via interrogatory to establish that the grievance procedures at

---

[1]   The Clerk of Court is DIRECTED to correct the name of Defendant K. Jamiet to Karen Jaimet.

Pinckneyville did not function as she described in her affidavit. (Doc. 80). Federal Rule of Civil Procedure 33 allows service of interrogatories on parties to a lawsuit but does not permit such service upon nonparties. Discovery requests of nonparties are governed by Rule 45, which allows for subpoenas of records or for testimony but not for written interrogatories.

To the extent that Garrett may intend to argue that the grievance procedure was unavailable to him or that it did not function as McCarty described, those arguments may be raised in his brief, and, if the Court determines one is necessary, at a hearing on Defendant's motion. The Court does not find good cause to permit discovery directed at nonparty McCarty at this time. As such, Plaintiff's motion to provide interrogatories upon witness (Doc. 80) is **DENIED**.

**IT IS SO ORDERED.**

Dated:  May 28, 2020.

Digitally signed by Judge Sison
Date: 2020.05.28 08:41:16 -05'00'

HON. GILBERT C. SISON
United States Magistrate Judge