UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TONY GARRETT, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 3:18-cv-616-GCS ) |
| KAREN JAIMET, WEXFORD HEALTH SOURCES, INC., AMY WILLIAMS, BROCK SHIRLEY, KIM FERRARI, and LOTTIE RIDGEWAY, | ) ) ) ) ) ) ) ) |
|     Defendants. | ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

In March 2018, Plaintiff Tony Garrett, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed suit pursuant to 42 U.S.C. § 1983 and, according to his fourth amended complaint, alleges that Defendants were deliberately indifferent to his severe knee pain while he was incarcerated at Pinckneyville Correctional Center. On May 4, 2020, Defendant Karen Jaimet filed a motion for summary judgment on the issue of exhaustion. (Doc. 75). With the motion, Jaimet filed a notice (Doc. 77) warning Garrett of the potential consequences of failing to respond in a timely manner. Garrett's response was due July 20, 2020, but that deadline has come and gone without a response from Garrett. As a result, Jaimet's motion is unopposed.

Pursuant to Local Rule 7.1(c), the Court may, in its discretion, deem Garrett's failure to timely respond an admission of the merits of Defendant's motion. A review of

Jaimet's motion demonstrates that it is appropriate to do so here. Jaimet points to a single, relevant, exhausted grievance submitted by Garrett. On November 18, 2016, Garrett filed a grievance complaining about the lack of pain management care he received from the healthcare unit on November 8, 2016. He also took issue with having to pay multiple co-pays for his visits. (Doc. 76-2, p. 4). A grievance counselor responded on December 1, 2016, after consulting with the healthcare unit administrator. (Doc. 76-2, p. 4). On January 5, 2017, a grievance officer recommended finding the grievance moot, and the Chief Administrative Officer, Defendant Karen Jaimet, concurred in the recommendation on January 25, 2017. (Doc. 76-2, p. 3). The Administrative Review Board denied Garrett's appeal on May 4, 2017. (Doc. 76-2, p. 2).

Summary judgment is "proper if the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact such that [Defendants are] entitled to judgment as a matter of law." *Wragg v. Village of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010). Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. §1997e(a). The Act states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id*. As an inmate confined within the IDOC, Garrett was required to follow the regulations contained in the IDOC's Grievance Procedures for Offenders ("grievance procedures") to exhaust his claims properly. *See* 20 ILL. ADMIN. CODE §504.800, *et seq*.

The grievance procedures first require inmates to file their grievance with the counselor within 60 days of the discovery of an incident. *See* 20 ILL. ADMIN. CODE §504.810(a). The grievance form must:

> contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 ILL. ADMIN. CODE §504.810(c).

Here, Defendant Jaimet is not named in Garrett's grievance. The grievance also does not raise any issues Garrett had with non-medical staff, nor does it suggest that his attempts for seeking assistance fell on deaf ears. Instead, the grievance focuses on the lack of assistance from medical staff in addressing Garrett's pain and on his frustration with being charged multiple co-pays.

The officials involved in reviewing Garrett's grievance, including Jaimet, consulted with healthcare staff to determine if adequate care was provided, so Jaimet cannot be said to have turned a "deaf ear" to his complaints. *But see Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015)(noting that defendants who participate in the grievance process can be liable for deliberate indifference if an inmate's requests for help fall on deaf ears). Given Garrett's failure to respond in a timely manner after being warned of the consequences of such a failure, the Court finds that his failure to respond is an admission of the merits of Defendant's motion. The record supports granting Defendant's motion and dismissing Defendant Jaimet from this action.

CONCLUSION

For the above-stated reasons, Defendant's motion for summary judgment is **GRANTED**. Garrett's claims against Defendant Karen Jaimet are **DISMISSED without prejudice** due to his failure to exhaust administrative remedies prior to filing suit.

**IT IS SO ORDERED.**

Dated:  July 23, 2020.

Digitally signed by Magistrate Judge Gilbert C. Sison
Date: 2020.07.23 12:46:27 -05'00'

GILBERT C. SISON
United States Magistrate Judge